IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEAN REYES, | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | ARBITRATION CASE |
| v. | * | |
| | * | TRIAL BY JURY DEMANDED |
| PERDUE FARMS INCORPORATED, a | * | |
| Maryland corporation, | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT**

1.   Plaintiff Dean Reyes is a resident of the State of Delaware who resides at 23842 Pine Lake Drive, Georgetown, Delaware 19947.

2.   Defendant Perdue Farms Incorporated, is a Maryland corporation whose registered agent for service of process in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.   Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Family and Medical Leave Act.

4.   Jurisdiction is conferred on this Court by 29 U.S.C. §2617.

5.   This Court has pendent jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

6.   Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7. Plaintiff brings this action under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §2601 *et seq.*, and under the indicated state law cause of action to address the wrongs done to him by Defendant's unlawful interference with his rights under the FMLA and retaliation against him.

8. Plaintiff, at all times relevant to this Complaint was, an "eligible employee" as that term is defined by the FMLA, in that he had been employed by Defendant for at least 12 months, and for at least 1,250 hours of service during the previous 12-month period, prior to his exercise of his rights under the FMLA.

9. At all times relevant to the Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

10. Plaintiff was employed by Defendant from on or about June 1, 2004, until March 2007.

11. During the period of his employment by Defendant, Plaintiff was promoted to a supervisory position.

12. On or about November 28, 2005, Plaintiff suffered a work-related injury while assisting one of his subordinate employees.

13. Following the injury, Plaintiff sought legal counsel and filed a workers' compensation claim regarding the injury.

14. Following his decision to pursue workers' compensation benefits, Plaintiff experienced differential treatment, including transferring Plaintiff to a different shift because he needed to leave work on occasion for physical therapy treatment.

15. Beginning on or about February 6, 2007, Plaintiff participated in supervisory training at the direction of defendant in Salisbury, Maryland.

16. While involved in the training, Plaintiff received a telefaxed communication that his father, who lived in the Philippines, was in grave condition.

17. Plaintiff desired to travel to the Philippines to care for his father and submitted a leave request form on or about February 14, 2007, indicating that he wished to use his two weeks of annual leave and available leave under the FMLA.

18. Subsequently, Plaintiff spoke with his immediate supervisor, Ron Cosme, and informed Mr. Cosme that he would need to utilize an undetermined amount of FMLA leave. Mr. Cosme verbally approved Plaintiff's request for leave and, in response to Plaintiff's indication that he (Plaintiff) did not know how much FMLA leave he would be required to use, instructed Plaintiff to return as soon as he was able.

19. Plaintiff left for the Philippines on Sunday, February 18, 2007.

20. On Sunday, March 11, 2007, Plaintiff telefaxed to the Human Resources Department of Defendant a request that his leave of absence be extended until March 30, 2007.

21. Plaintiff returned to the United States, earlier than expected, on March 23, 2007.

22. When Plaintiff called in to the place of employment on March 25, 2007, to indicate that he would be returning to work the

next day, Plaintiff was informed that he would need to report to the Human Resources Department upon arrival.

23. Plaintiff reported to the Human Resources Department on March 26, 2007, but was told that he could not seen because the office was "too busy".

24. When Plaintiff returned on March 27, 2007, Plaintiff was told that he would need to see Department Head, David Jones, who was not present.

25. Later, on March 27, 2007, Mr. Jones informed Plaintiff by telephone that Plaintiff had allegedly been terminated the first week in March for not reporting for work.

26. The stated reason for Plaintiff's termination, that he was terminated for not reporting to work, was a pretext masking Defendant's retaliation against Plaintiff for his attempts to exercise his rights under the FMLA and for his pursuit of workers' compensation benefits.

27. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

28. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I -FMLA

29. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 28 hereinabove.

30. Defendant retaliated against Plaintiff and wrongfully discharged him in retaliation for Plaintiff's exercise of, and attempt to exercise, his rights under the FMLA.

31. Defendant has wrongfully interfered with, restrained, and denied Plaintiff exercise of and attempts to exercise his rights under the FMLA.

32. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendant had no reasonable grounds for believing that its wrongful acts were not in violation of the FMLA.

33. As a direct result of the wrongful and discriminatory conduct of Defendant, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b) Pre-judgment and post-judgment interest;

(c) Attorney's fees and costs;

(d) Reinstatement, if feasible, or in the alternative, front pay; and

(e) Any other relief, whether legal or equitable, that this Court deems just and appropriate.

## COUNT II -19 Del. C. §2365

34. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 33 hereinabove.

35. Defendant retaliated against Plaintiff, harassed him, and subjected him to discriminatory treatment, including termination of his employment, because of his decision to pursue workers' compensation benefits.

36. Said acts by Defendant constituted retaliation and discrimination against Plaintiff in violation of 19 Del. C. §2365.

37. As a direct result of the discriminatory, retaliatory, and harassing conduct of Defendant, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees and costs;

(f) Reinstatement, if feasible, or in the alternative, front pay;

(g) Any other relief that this Court deems just; and

(h) Payment by Defendant of the penalty provided in 19 Del. C. §2365 to the Workers' Compensation Fund.

Case 1:07-cv-00570-SLR   Document 1   Filed 09/21/2007   Page 7 of 7

```
                                    SCHMITTINGER & RODRIGUEZ, P.A.

                                    BY: _____
                                        NOEL E. PRIMOS, ESQUIRE
                                        Bar I.D. #3124
                                        414 S. State Street
                                        P.O. Box 497
DATED: September 20, 2007               Dover, DE   19903
NEP:rp                                  (302) 674-0140
                                        Attorneys for Plaintiff
```

☆JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dean Reyes

**DEFENDANTS**
Perdue Farms Incorporated

(b) County of Residence of First Listed Plaintiff: Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos
Schmittinger & Rodriguez, P.A.
414 S State St Dover DE 19903
(302) 678-5471

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U S C 2601 et seq
Brief description of cause: Plaintiff seeks damages for Defendant's interference with his rights and retaliation against him under FMLA and state law cause of action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 20, 2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____